**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **Crim. No. 4:23-cr-52-ALM-KPJ-9** |
| | § | |
| **DELDRICK DAMOND LEWIS (9)** | § | |
| | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the Court is Defendant Deldrick Damond Lewis's ("Defendant") Motion to Reopen the Issue of Detention and Request for Hearing (the "Motion") (Dkt. 195), wherein Defendant requests the Court reopen his detention hearing.[1] Dkt. 195 at 1. The Government filed a response in opposition (the "Response") (Dkt. 206). For the reasons that follow, the Motion (Dkt. 195) is **DENIED**.

## I.  BACKGROUND

On September 13, 2023, the grand jury returned the First Superseding Indictment (Dkt. 87) in which Defendant is charged in Count One with conspiracy to distribute and possess with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 846. Dkt. 87 at 1–2. On October 11, 2023, Defendant was arrested, and on October 16, 2023, Defendant was arraigned and made an initial appearance before the undersigned. *See* Minute Entry dated October 16, 2023. During the October 16, 2023 arraignment, the Government advised the Court that it was seeking to detain Defendant. *See id.*

---

[1] Defendant filed two identical motions requesting to reopen his detention hearing. *See* Dkts. 194–95. However, the second-filed motion includes two exhibits that were not attached to the first-filed motion. *See id.*; *see also* Dkts. 195-1. Accordingly, the first-filed motion (Dkt. 194) is **DENIED AS MOOT**.

On October 19, 2023, the Court held the detention hearing (the "Hearing"), wherein the Government was represented by Assistant United States Attorney Matt Johnson and Defendant was represented by Mr. Chris Coker. Dkt. 136. During the Hearing, the Government presented one witness, Investigator Robert Todd ("Investigator Todd") with the Grayson County Sheriff's Office, FBI Violent Crimes Task Force, who testified regarding the details of the alleged offense and subsequent investigation leading to Defendant's indictment. Dkt. 137 at 3. Defendant did not present any witnesses on his behalf. *See id.* Defendant's counsel represented that Defendant's aunt could act as a third-party custodian for him, if he were to be released. *Id.* The Court found that Defendant did not introduce sufficient evidence to rebut the presumption of detention and, thus, "based on the evidence presented, there are no conditions or combination of conditions that [would] reasonably assure the safety of any other person and the community or reasonably assure Defendant's appearance as required." *Id.* at 4. Therefore, the Court granted the Government's motion for detention and ordered Defendant be detained pending trial. *Id.*

On April 22, 2024, Defendant filed the Motion (Dkt. 195), wherein he represents that "[t]here is important information that was not presented to the Magistrate Judge at the time of the initial hearing" and "[c]onditions exist that can be set to ensure [Defendant's] appearance and the safety of the community." Dkt. 195 at 3. On May 20, 2024, the Government filed the Response (Dkt. 206), wherein it argues that the Order of Detention (Dkt. 137) should stand because Defendant's "information is neither new nor material." Dkt. 206 at 1.

## II.    LEGAL ANALYSIS

Under the Bail Reform Act, a detention hearing may be reopened at any time before trial "if the judicial officer finds that [1] information exists that was not known to the movant at the time of the hearing and [2] that has material bearing on the issue [of risk of flight or

dangerousness].” 18 U.S.C. § 3142(f). The Fifth Circuit has “interpreted this standard as asking whether any ‘new’ information was presented.” *United States v. Stanford*, 367 F. App’x 507, 510 (5th Cir. 2010) (citations omitted). “Courts interpreting new and material information for purposes of § 3142(f) require truly changed circumstances, something unexpected, or a significant event, and courts have interpreted the requirements of this provision strictly such that a defendant cannot re-open detention to present evidence that he could have investigated before the detention hearing.” *United States v. Hemani*, 684 F. Supp. 3d 579, 584 (E.D. Tex. 2023) (quoting *United States v. Jacob*, No. 21-31, 2023 WL 2867324, at *5 (E.D. La. Apr. 10, 2023)) (cleaned up).

Here, Defendant seeks to re-open the issue of pretrial detention to present the following information: (1) Defendant’s infant daughter, Ka’loni, and her mother, Zakerra, have sickle-cell, which leads to “frequent bouts of illness and emergency room and hospital stays,” and when Zakerra is admitted to the hospital, Defendant is the only caretaker available to care for Ka’loni; and (2) testimony from a third-party custodian. *See* Dkt. 195 at 3. However, neither of these asserted reasons constitute new information. First, Defendant knew of Ka’loni’s and Zakerra’s diagnoses of sickle cell at the time of the Hearing; therefore, this cannot be categorized as new information that was unavailable at the time of the Hearing. *See* Dkt. 195-1 at 21–22 (identifying the date of diagnosis for Ka’loni as May 17, 2023, and for Zakerra as May 18, 2022). Second, the introduction of testimony from family, friends, or acquaintances who could act as a third-party custodian does not constitute new information that was not known to Defendant at the time of the Hearing. *See United States v. Miller*, No. 20-cr-71, 2021 WL 490248, at *3 (E.D. Tex. Feb. 10, 2021) (denying the defendant’s request to reopen detention because testimony from “friends, family members, and acquaintances who may serve as a third-party custodian” is not “new information previously unknown at the time of . . . [the] first detention hearing”). Thus, Defendant

could have presented both the evidence regarding Ka'loni's and Zakerra's condition and the testimony of a third-party custodian at the Hearing but failed to do so. In the first instance, Defendant did not provide the Court with information then known to him. In the second instance, Defendant represented to the Court that his aunt was willing to serve as a third party custodian but chose not to have her testify. Accordingly, neither constitutes new evidence that would warrant reopening the issue of Defendant's pretrial detention. The absence of new evidence alone is sufficient to deny the Motion (Dkt. 195). *See Hemani*, 684 F. Supp. 3d at 584 ("Courts may deny a motion to reopen detention because the evidence proffered is not new or because it would not have material bearing on the detention decision." (first citing *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); and then citing *United States v. Stanford*, 341 F. App'x 979, 984 (5th Cir. 2009))).

Even if the evidence Defendant now seeks to introduce did constitute new evidence, it is not material to the Court's decision to detain Defendant pending trial. To be material, new evidence "must relate in some *significant* or *essential* way to the decision whether to detain." *Id*. (quoting *United States v. Worrell*, No. 21-cr-292, 2021 WL 2366934, at *9 (D.D.C. June 9, 2021)). The Order of Detention (Dkt. 137) identified the following as the reasons for its decision to detain Defendant pending trial:

- Weight of the evidence against the defendant is strong

- Subject to lengthy period of incarceration if convicted

- Prior criminal history

- History of violence or use of weapons

- History of alcohol or substance abuse

- Lack of significant community or family ties to this district

- Prior violations of probation, parole, or supervised release

Dkt. 137 at 4–5. In particular, the Court identified that "Defendant has an extensive criminal history beginning when he was fourteen years old" which includes charges for "theft of property, aggravated robbery, burglary of habitation, assault causes bodily injury family member, and possession of marijuana." *Id.* at 4.

The evidence Defendant seeks to introduce would not significantly affect the Court's decision to detain him pending trial. First, the information regarding Ka'loni's and Zakerra's diseases is not information that contributes to a factor under Section 3142(g), and thus, would not impact the Court's decision. Second, the Court was made aware that Defendant had a potential third-party custodian, his aunt, and the Court nevertheless found that detention was warranted based on the findings identified above. Accordingly, the evidence is not material. Thus, in the absence of new, material evidence, the Motion (Dkt. 195) must be denied.

### III.   CONCLUSION

For the foregoing reasons, the Motion (Dkt. 195) is **DENIED**. Defendant shall remain detained pending trial.

**So ORDERED and SIGNED this 17th day of June, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE